UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DEVON MATA, as Representative of the Estate of DAVID MATA, JR., deceased, DAVID MATA, SR., RITA MATA, and MATHEW MATA,<br>　　　*Plaintiffs*,<br><br>VS.<br><br>CUISINE SOLUTIONS INC.<br>　　　*Defendant*. | §§§§§§§§§§§ | CIVIL ACTION NO. 5:25-cv-65<br><br><br>Jury Trial Demanded |

**PLAINTIFFS' ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Plaintiffs DeVon Mata, as Representative of the Estate of David Mata, Jr., deceased, David Mata, Sr., Rita Mata, and Mathew Mata, and files their Original Complaint against Defendant Cuisine Solutions Inc. In support thereof, Plaintiffs would respectfully show the Court as follows:

## I.
## PARTIES

1.　Plaintiff, DeVon Mata, as Representative of the Estate of David Mata, Jr., deceased, is an individual and citizen of Texas who resided in San Antonio, Bexar County, Texas, at the time of the incident in question.

2.　Plaintiff, David Mata Sr., is an individual and citizen of Texas who resided in Uvalde, Uvalde County, Texas, at the time of the incident in question.

3.　Plaintiff, Rita Mata, is an individual and citizen of Texas who resided in Uvalde, Uvalde County, Texas, at the time of the incident in question.

4.　Plaintiff, Mathew Mata, is an individual and citizen of Texas who resided in Uvalde, Uvalde County, Texas, at the time of the incident in question.

5.      Defendant, Cuisine Solutions Inc. ("Cuisine Solutions"), is a Virginia corporation with its principal office located in Sterling, Virginia. Defendant Cuisine Solutions, Inc. may be served with process by serving its Texas registered agent, Corporation Service Company, at 211 East 7th Street, Suite 620, Austin, Texas 78701.

## II.
## VENUE AND JURISDICTION

6.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in the Western District of Texas. Specifically, the incident that makes the basis of this lawsuit occurred in San Antonio, Bexar County, Texas, which is located in the San Antonio Division of the Western District of Texas.

7.      This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332(a)(1) as the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and there is complete diversity of citizenship between Plaintiffs and Defendant.

8.      This Court has specific personal jurisdiction over Defendant because it purposely directed its activities to Texas, and this litigation is the result of injuries that arose out of and relate to those activities. Defendant Cuisine Solutions has a plant located in San Antonio, Texas. Defendant should have reasonably anticipated being haled into court in Texas, given the substantial connection between its activities in Texas and the claims made in this lawsuit. Thus, this action seeks to adjudicate issues deriving directly from or connected directly with Defendant's tortious activities in Texas, and this Court's personal jurisdiction over Defendant in this action arises from that nexus. Defendant created the contacts with Texas, and Defendant purposefully availed itself of the privilege of conducting activities within Texas. Defendant has sufficient minimum contacts (both

substantial and continuous contacts) with the State of Texas to support the exercise of personal jurisdiction over it by a court in the forum state. Based upon the direct connection between Defendant's activities in Texas and the claims made against it, as well as the minimum contacts purposefully made with the State of Texas, the exercise of personal jurisdiction here is consistent with the Texas Long Arm statute and with due process; it does not offend traditional notions of fair play and substantial justice and is neither unfair nor unreasonable.

### III.
### FACTS

9. On June 7, 2024, just before 10:00 am, Defendant Cuisine Solution's employees were making egg bites at Defendant Cuisine Solutions' San Antonio Plant. As they were making the egg bites, the trays kept getting stuck in a Mecatherm machine ("Subject Machine"). Due to this, David Mata, Jr. ("Decedent Mata"), a mechanic for Defendant Cuisine Solutions, was asked to perform maintenance on the Subject Machine. In order to conduct such maintenance, Decedent Mata had to stand underneath the Subject Machine, exposing his head and neck to many moving parts within the machine. While performing the maintenance, the Subject Machine began to back up and caused Decedent Mata's head and neck to be pinned against a metal piece of the Subject Machine. The Subject Machine then came into contact with Decedent Mata, leaving lacerations on his head and neck, resulting in his violent death ("Subject Incident"). Defendant Cuisine Solutions failed to provide and ensure that a lockout and tagout procedure was followed regarding the Subject Machine when Decedent Mata performed maintenance on it. Defendant Cuisine Solutions failed to ensure that the Subject Machine was properly de-energized and that all stored energy was released before Decedent Mata began work on the machine. Defendant Cuisine Solutions failed to adequately train its employees

and/or contractors on the proper safety procedures, including the lockout/tagout process, regarding performing maintenance on the Subject Machine.

## IV.
## CAUSES OF ACTION

**A.   Negligence**

10.   Plaintiffs incorporate by reference each and every factual statement made throughout this Complaint as if stated verbatim fully here.

11.   Defendant Cuisine Solutions committed actions of omission and/or commission, which collectively and severally constituted negligence, and that negligence proximately caused the Subject Incident, Decedent Mata's death, and Plaintiffs' damages.

12.   Defendant Cuisine Solutions owed the following duties to Decedent Mata, including but not limited to:

    a.   The duty to exercise reasonable care to avoid a foreseeable risk of injury to others;

    b.   The duty to use ordinary care in aiding or protecting others from peril when the peril is under the individual's control;

    c.   The duty to provide competent safety personnel on site;

    d.   The duty to provide proper safety manuals and instructions to employees;

    e.   The duty to provide a reasonably safe workplace;

    f.   The duty to provide workers adequate assistance in the performance of their work;

    g.   The duty to ensure that its employees follow safe work practices;

    h.   The duty to properly inspect that tasks required of workers to ensure safe methods and procedures had been implemented;

i. The duty to supervise and inspect the tasks required of workers to ensure that safe methods and procedures were being followed;

j. The duty to ensure that any safety requirements and procedures do not unreasonably increase, rather than decrease, the probability of injury when the Defendant retains control over the work;

k. The duty to provide training on the proper use of equipment and/or machinery;

l. The duty to properly train, educate, and/or provide instructions to its employees, including Decedent Mata;

m. The duty to provide training on the proper use of equipment and/or machinery;

n. The duty to supervise and/or direct the work at issue in a safe manner;

o. The duty to hire persons with adequate qualifications, training, and safety experience at this workplace;

p. The duty to provide proper personal protective equipment (PPE) to Decedent Mata;

q. The duty to ensure that any and all machines are de-energized and any stored energy is released before any maintenance is performed on such machines;

r. The duty to ensure that a lockout/tagout process is in place and followed for all machines;

s. The duty to ensure that any and all maintenance provided for any equipment is adequate;

t. The duty to ensure that all machines are properly maintained;

  u. The duty to develop, implement, and enforce an energy control program; and,

  v. The duty to establish a policy that permits only the worker who applied a lockout/tagout device to remove it.

13. Defendant Cuisine Solutions' acts and/or omissions of negligence include, without limitation, one or more of the following:

  a. Failing to exercise reasonable care to avoid a foreseeable risk of injury to others;

  b. Failing to use ordinary care in aiding or protecting others from peril when the peril is under the individual's control;

  c. Failing to have competent safety personnel on site;

  d. Failing to provide proper safety manuals and instructions to employees;

  e. Failing to provide a reasonably safe workplace;

  f. Failing to provide Decedent Mata adequate assistance in the performance of his work;

  g. Failing to ensure that its employees follow safe work practices;

  h. Failing to properly inspect the tasks required of Decedent Mata to ensure safe methods and procedures had been implemented;

  i. Failing to supervise and inspect the tasks required of Decedent Mata to ensure that safe methods and procedures were being followed;

  j. Failing to ensure that any safety requirements and procedures do not unreasonably increase, rather than decrease, the probability of injury when the Defendant retains control over the work;

k. Failing to provide training on the proper use of equipment and/or machinery;

l. Failing to properly train, educate, and/or provide instructions to its employees, including Decedent Mata;

m. Failing to provide training on the proper use of equipment and/or machinery;

n. Failing to supervise and/or direct the work at issue in a safe manner;

o. Hiring persons without adequate qualifications, training, and safety experience at this workplace;

p. Directing Decedent Mata to perform a job he was not qualified to do without warning, training, or instruction;

q. Failing to provide proper personal protective equipment (PPE) to Decedent Mata;

r. Failing to ensure that any and all machines are de-energized and any stored energy is released before any maintenance is performed on such machines;

s. Failing to ensure that a lockout/tagout process is in place and followed for all machines;

t. Failing to ensure that any and all maintenance provided for any equipment is adequate;

u. Failing to ensure that all machines are properly maintained;

v. Failing to develop, implement, and enforce an energy control program; and,

w. Failing to establish a policy that permits only the worker who applied a lockout/tagout device to remove it.

14. Each of the above acts and/or omissions constitute negligence, and each was a proximate cause of the Subject Incident, Decedent Mata's death, and Plaintiffs' damages.

**B.    Premises Liability**

15. Plaintiffs incorporate by reference each and every factual statement made throughout this Complaint as if stated verbatim fully here.

16. Pleading in the alternative, possessors of land, such as the Defendant in this case, owe invitees a duty to use ordinary care to keep the premises in a reasonably safe condition. This includes the duty to protect invitees from unreasonable risks of harm or to warn them of the risks. Defendant Cuisine Solutions did neither in this case.

17. At the time of the Subject Incident, Defendant Cuisine Solutions had a right to and did control, possess, and/or own the Premises where the unreasonably dangerous condition existed—specifically, the San Antonio Plant ("Subject Premises").

18. David Mata, Jr. entered the Subject Premises in response to the invitation of Defendant Cuisine Solutions for their mutual benefit, thus making Mata, Jr. an invitee.

19. At the time of the Subject Incident, Defendant Cuisine Solutions had a duty to inspect, maintain, and repair the Subject Premises. Defendant Cuisine Solutions had a duty to inspect the Subject Premises for any and all defects and conditions observable by reasonable inspection to prevent injury to employees, including Decedent Mata. This duty specifically included any unreasonably dangerous conditions, such as the machines present, which malfunctioned and caused Decedent Mata's death. Defendant Cuisine Solutions and/or its agents, servants, contractors, and/or employees in the course and scope of their employment with Defendant Cuisine Solutions created, maintained, and failed to make safe or warn about the above-described unreasonably dangerous conditions. Defendant Cuisine Solutions knew or should have known that the

unreasonably dangerous conditions existed, as the conditions existed long enough to give Defendant Cuisine Solutions a reasonable opportunity to discover and remedy them. Defendant Cuisine Solutions failed to use ordinary care in keeping the Subject Premises in a reasonably safe condition. Such failure proximately caused the incident made the basis of this lawsuit and Decedent Mata's death.

20. Additionally, Defendant Cuisine Solutions was aware of the dangers associated with the machines. Defendant Cuisine Solutions had a duty to make the Subject Premises safe and/or to warn employees, including Decedent Mata, of the potential harm and/or threat posed by the unreasonably dangerous conditions. Defendant Cuisine Solutions' failure to use ordinary care in preventing, fixing, or warning of this unreasonably dangerous condition proximately caused the Subject Incident made the basis of this lawsuit and Decedent Mata's death.

21. Further, Defendant Cuisine Solutions had actual and/or constructive knowledge of the unreasonably dangerous condition, and the lack of adequate warning of such unsafe conditions posed an unreasonable risk of harm to Decedent Mata and other employees. Defendant Cuisine Solutions failed to exercise reasonable care to reduce or eliminate the risk, and such failure proximately caused the Subject Incident made the basis of this lawsuit and Decedent Mata's death.

22. Finally, Defendant was aware that Decedent Mata was unable to take precautions that would adequately reduce the risks, as he had no other option but to perform his job duty of performing maintenance on the Subject Machine.

## V.
## DAMAGES

23. As a result of the death of David Mata, Jr., and as a direct and proximate result of Defendant Cuisine Solutions' actions of omission and/or commission, Plaintiff

DeVon Mata, as Representative of the Estate of David Mata, Jr., deceased, seeks monetary damages from Defendant Cuisine Solutions to compensate the Estate of David Mata, Jr. for pain and suffering, mental anguish, expenses, and funeral and burial expenses of David Mata, Jr.

24. As a result of the death of David Mata, Jr., Plaintiffs David Mata, Sr., Rita Mata, and Mathew Mata seek compensatory wrongful death damages from Defendant Cuisine Solutions arising from the injuries David Mata, Jr. suffered, and for the degree of care, maintenance, service, advice, counsel, reasonable contributions of pecuniary value, love, comfort, companionship, which Plaintiffs otherwise would have received from David Mata, Jr., mental anguish, and other resulting damages sustained in the past and that in reasonable probability will be sustained in the future.

## VI.
## PRE-JUDGMENT AND POST-JUDGMENT INTEREST

25. Plaintiffs seek pre-judgment and post-judgment interest at the maximum legal rate.

## VII.
## CONDITIONS PRECEDENT

26. All conditions precedent to Plaintiffs' right to recover and Defendant's liability have been performed, have occurred, and/or have been waived.

## VIII.
## JURY DEMAND

27. Plaintiffs request a trial by jury and tender the requisite fee.

## PRAYER AND CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendant Cuisine Solutions be cited to appear and answer herein, that this cause be set down for trial before

a jury, and that Plaintiffs recover judgment of and from Defendant Cuisine Solutions for actual, special, incidental, and/or consequential damages, as pleaded herein, in such an amount as the evidence shows and the jury determines to be proper, together with pre-judgment interest and post-judgment interest, costs of suit, and such other and further relied to which Plaintiffs may show themselves to be justly entitled, whether at law or in equity.

Dated this 16th day of January, 2025.

                                          Respectfully Submitted,

                                          GUERRA LLP
875 East Ashby Pl., Suite 1200
San Antonio, Texas 78212
Telephone: (210) 447-0500
Facsimile: (210) 447-0501

By:   /s/ Shalimar S. Wallis
       FRANCISCO GUERRA, IV
       State Bar No. 00796684
       Email: fguerra@guerrallp.com
       SHALIMAR S. WALLIS
       State Bar No. 24033191
       Email: swallis@guerrallp.com
       BAILEY E. VANNATTA
       State Bar No. 24119113
       Email: bvannatta@guerrallp.com

ATTORNEYS FOR PLAINTIFFS